Beverly PORTIS, Plaintiff,

v.

DILLARD STORE SERVICES, INC., Defendant.

No. CIV. A. 01–A–378–N.

United States District Court,
E.D. Alabama,
Northern Division.

July 24, 2001.

David R. Arendall, Stephanie S. Woodard, Birmingham, AL, for Plaintiff.

Frances Heidt, Fern Singer, Marion F. Walker, Birmingham, AL, for Defendant.

## MEMORANDUM OPINION AND ORDER

ALBRITTON, Chief Judge.

### I. FACTS AND PROCEDURAL HISTORY

This case is before the court on a Motion to Dismiss, which has been converted into a Motion for Summary Judgment, filed by the Defendant, Dillard Store Services, Inc. on June 5, 2001 and on a Motion for Leave to Amend the Complaint, filed by the Plaintiff, Beverly Portis, on July 6, 2001.

The Plaintiff, Beverly Portis ("Portis"), filed her Complaint in this case on April 2, 2001. Portis seeks to amend her Complaint to remove a reference to declaratory relief and to seek injunctive relief instead. The counts of Portis' Complaint, which are a claim for discrimination under the Age Discrimination in Employment Act ("ADEA") (Count I) and retaliation (Count II), remain the same in the amendments Portis seeks to make to her Complaint.

Portis is over the age of fifty-four and was employed by the Defendant, Dillard Store Services, Inc. ("Dillard"), as an estimator and salesperson. Portis contends that she complained about age discrimination on several occasions, that she eventually filed an EEOC charge and an amended EEOC charge and, in response to her complaints, her hours were reduced and she was eventually terminated.

Dillard filed a Motion to Dismiss the claim for declaratory relief and Count II of the Complaint, but attached supporting evidence, and stated that the attached evidence required the motion to be converted to one for summary judgment. *See* Fed. R. Civ. Pro. 56. In response, this court entered an Order setting forth a briefing schedule, treating the motion as one for summary judgment.

For the reasons to be discussed, the Motion for Summary Judgment is due to be DENIED.

### II. SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323, 106 S.Ct. 2548. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing, or pointing out to, the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322–324, 106 S.Ct. 2548.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Id.* at 324, 106 S.Ct. 2548. To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). On the other hand, the evidence of the nonmovant

must be believed and all justifiable inferences must be drawn in its favor. *See Anderson v. Liberty Lobby,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

## III. *DISCUSSION*

■ In response to the Motion for Summary Judgment, Portis concedes that her request for declaratory judgment was improper, and seeks to correct her Complaint with an Amended Complaint.[1] The court finds that the Motion to Amend, which is within the time allowed for filing amendments and which merely changes the form of relief sought, is due to be GRANTED, making Dillard's motion on this ground moot.

As to her retaliation claim, in the Reply, Dillard contends that the Motion for Summary Judgment is due to be granted because Portis has failed to attach any sworn testimony in response to the motion. Portis has, however, attached a copy of her answers to Dillard's interrogatories. Dillard has cited this court to no authority for the proposition that a plaintiff may not rely on her own answers to a defendant's interrogatories. Under the plain language of Rule 56 of the Federal Rules of Civil Procedure, "[t]he court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits." Fed. R. Civ. Pro. 56(e); *see also Celotex Corp.,* 477 U.S. at 324, 106 S.Ct. 2548. Some courts have

examined evidence of answers to interrogatories to determine whether the rules governing answers to interrogatories have been satisfied. *See Piazzo v. Meriden Molded Plastics, Inc.,* No. 97–752, 1989 WL 89419 (E.D.Pa. July 31, 1989). Under Rule 33(b), answers to interrogatories must be separately and fully answered in writing under oath and signed by the person making them. Fed. R. Civ. Pro. 33(b)(1), (2). In this case, the answers to interrogatories are in writing, signed by Portis, sworn to, and notarized.

■ Other courts have determined that evidence from a plaintiff's own answers to interrogatories must be based on personal knowledge in order for the answers to interrogatories to be considered. *See Planmatics, Inc. v. Showers,* 137 F.Supp.2d 616 (D.Md.2001). This court will, therefore, not consider portions of the answers to interrogatories which are identified as being based "on information or belief."

Portis seeks to establish a claim of retaliation using circumstantial evidence, thereby relying on the familiar *McDonnell Douglas* burden-shifting framework. See *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 147, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000).

Dillard moves for summary judgment arguing, based on the evidence attached to its motion, that Dillard was not aware of Portis' EEOC charge at the time that Portis' hours were reduced, or at the time that she was terminated. Dillard also points to evidence of schedules from Portis' depart-

---

1. Portis refers to the motion as one to dismiss and refers to discovery which will occur in the future to support her claim. Since it was clear that the motion was being treated as one for summary judgment, the court will consider the evidence before it and will not rely on future-discovered evidence in ruling on the motion. If Portis felt that she could not adequately respond to the Motion for Summary Judgment without further discovery, there are provision of the rules of procedure which would have provided her relief.

ment to establish that the hours of the entire department were reduced.

■ In response, Portis first disputes that Dillard's evidence conclusively establishes that it was unaware of her EEOC charge. In any event, Portis argues that she voiced complaints about discrimination to her superiors. In the answers to interrogatories, Portis states that she complained about age discrimination to Christopher Ducote, Plaintiff's Exhibit B at page 3, and that she complained about discrimination to the store manager, Gene Heil. *Id.* at page 4. Informal complaints to supervisors, or in accordance with a company grievance procedure, are sufficient to establish that a plaintiff has engaged in the protected activity of opposing unlawful discrimination for purposes of a retaliation claim under the opposition clause of the ADEA anti-retaliation provision. *Johnson v. Booker T. Washington Broadcasting Service, Inc.*, 234 F.3d 501, 507 (11th Cir.2000)(interpreting similar language in Title VII); *Brook v. City of Montgomery, Alabama*, 916 F.Supp. 1193, 1209 (M.D.Ala.1996)(informal complaint is protected activity under the ADEA).

■ As to the evidence regarding the reasons for the employment actions taken, Dillard presents evidence to establish that all of the schedules of Portis' department were affected. In his affidavit, Christopher Ducote ("Ducote") says that he reduced the hours of the employees in the lingerie department. Ducote Affidavit at ¶ 3. He states that the schedules he has attached demonstrate that the entire department had its schedules changed. Portis responds that the attached schedules are not labeled and do not include any dates. The court has examined these documents. These documents list each hour of the day, the days of the week, and then indicate a number, which apparently represents the number of people working during a particular hour. *See* Defendants'

Exhibits 1, 2. In Exhibit 1, which is labeled in handwriting as being the schedule "after the schedules changed," there were consistently two employees working at every hour, except on Sunday when there were three. In Exhibit 2, which is labeled in handwriting as being the schedule before the schedules changed, there are multiple hours with three employees, but there are also multiple hours with one employee. Ducote states that the schedules reflect the reduction in number of employees, hence the reduction in employee hours. Without further explanation by Dillard, the court is unable to conclude that this evidence, which indicates that there were several shifts during which one employee worked before the alleged schedule change to reduce hours, conclusively establishes that all of the employees in the department had their hours reduced.

In response to this evidence, Portis has pointed to her answers which are in some respects conclusory, or even stated to be based on information and belief. In one portion of her answers, however, Portis states that Sarrah File, a younger employee, was hired on a part-time basis, while Portis was hired on a full-time basis and while Portis' hours were not cut, Sarrah File's hours were increased. Plaintiff's Exhibit B at page 4. This evidence is specifically enough stated for the court to conclude, since there is no objection from Dillard, that this information is within Portis' personal knowledge. Furthermore, whether or not Sarrah File is a valid comparator is an issue which has not been raised by Dillard. The court must conclude, therefore, that given that Ducote's affidavit and supporting evidence do not conclusively establish that all of the relevant employees' hours were reduced, Portis' evidence is sufficient to raise a question of fact.

Even if the court is misinterpreting Dillard's evidence and Portis' evidence is not sufficient to create a question of fact as to the reduction of hours aspect of her claim, Portis has also claimed that she was fired in retaliation for her complaints of discrimination.

██ Dillard provides Ducote's affidavit wherein he states that Portis was not fired for having filed an EEOC charge, but rather for insubordination. Ducote does not claim that Portis was not fired for having complained about discrimination in a form other than an EEOC charge. While Ducote does not state what he means by the term "insubordination," in other evidence provided to the court by Dillard, Ducote more fully defines insubordination, stating that he "terminated this person ... for violation of work rule # 10 and prior warnings." *See* Defendant's Exhibit 3. Portis has stated in her answers to interrogatories that Sarrah File left work without permission and was not reprimanded, while Portis was reprimanded for going on break which was allowed in the handbook. Plaintiff's Exhibit B. Because the court does not have evidence of to which "prior warnings" Ducote refers, at least at this stage in the proceedings, the court must conclude that there is a question of fact as to the basis for the reason articulated for Portis' termination. Consequently, the court must conclude that summary judgment must be denied as to this claim.

Neither the evidence supporting, nor offered in opposition to, summary judgment is particularly strong at this early point in the proceedings. Dillard is, of course, free to offer additional evidence in support of a new motion at a later point, after more discovery has been conducted, should Dillard choose to do so. Portis, in turn, will be free to offer new evidence gleaned through discovery to oppose any such later-filed motion. At this point in the proceedings, however, the court must conclude that the Motion for Summary Judgment is due to be DENIED.

## IV. *CONCLUSION*

For the reasons discussed, it is hereby ORDERED as follows:

1. The Motion to Amend the Complaint, filed by the Plaintiff (Doc. # 14) is GRANTED.

2. The Motion to Dismiss, which has been treated as a Motion for Summary Judgment (Doc. # 10) is DENIED as to Count II and is DENIED as moot as to the request for declaratory relief.